**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24538-ALTMAN**

**MOSHE ZEINES**,

*Plaintiff*,

*v.*

**YAAKOV BLEJER**, *et al.*,

*Defendants.*
________________________________________/

**ORDER**

Our Plaintiff—proceeding *pro se*—seeks leave to file a Second Amended Complaint ("SAC"). *See* Motion for Leave (the "Motion") [ECF No. 74]; *see also* Proposed SAC [ECF No. 75]. The Defendants have declined to oppose the Motion, despite our warning that we would "take the Motion under advisement" "[s]hould the Defendants fail" to file a response in opposition to the Motion "by **September 30, 2026**." September 29, 2026 Paperless Order [ECF No. 79] (emphasis in original). After careful review, we **GRANT in part** and **DENY in part** the Motion.

We'll begin with context. In July 2025, our Plaintiff filed his Complaint [ECF No. 1] in the United States District Court for the District of New Jersey. That Complaint named four Defendants: Yaakov Blejer, Aryeh Leib Bensinger, Mark Rosenberg, and David Katz. *See* Complaint at 1. Our Plaintiff purports to have served Bensinger, Rosenberg, and Katz in September 2025. *See* Summons Returned Executed [ECF Nos. 5–6]; Return of Service [ECF No. 7]. That same month, those three Defendants—Bensinger, Rosenberg, and Katz—moved for an extension of time to respond to the Complaint. *See* Motion for Extension [ECF No. 8]. Two days later, the Plaintiff filed an Amended Complaint (the "AC") [ECF No. 9], adding two new Defendants: Congregation Torah Ve-Emunah, Inc., ("CTVE") and North Miami Beach Kollel, Inc. ("NMBK"). *See* AC at 1.

In October 2025, Bensinger, Rosenberg, and Katz—but not Blejer, CTVE, or NMBK—filed a Motion to Dismiss the AC (the "MTD") [ECF No. 13-1], asking the district court to dismiss the AC or else transfer the action to the Southern District of Florida. *See* Motion to Dismiss the AC at 3. In November 2025, Blejer and NMBK filed a Brief in Support of the MTD [ECF No. 17], endorsing the request to transfer the case to this District. In January 2026, the Plaintiff claimed that "substituted service of process was accepted by the Florida Department of State . . . on behalf of [CTVE]." Declaration of Compliance [ECF No. 42] at 1. In February 2026, CTVE requested—and received—an extension of time to respond to the Amended Complaint. *See* Application [ECF No. 45]; Order Granting Extension [ECF No. 47]. That same month, CTVE moved to dismiss the AC. *See* CTVE Motion to Dismiss [ECF No. 49-2]. Then, in June 2026, the district court transferred the action to our District. *See* Opinion [ECF No. 59] at 12.

All six Defendants thus appear to have been served *and/or* entered an appearance. *See generally* Docket; *see also* Notice of Attorney Appearance [ECF No. 69]; Motion to Appear Pro Hac Vice [ECF No. 71]; Notice of Attorney Appearance [ECF No. 73]. We therefore fail to understand why the Defendants have ignored both the *Motion* and our September 29, 2026 Paperless Order. So, given that the Motion remains unopposed, we'll allow the Plaintiff to amend his complaint to *some degree*.

Still, we cannot ignore that the Plaintiff seeks leave to file an 85-page SAC spanning 845 paragraphs. Such an amendment would nearly *triple* the length of the operative AC, which runs 34 pages and consists of 116 paragraphs. *See* AC. In the spirit of compromise, and given the Defendants' silence, we'll allow the Plaintiff—by **October 15, 2026**—to file an SAC of no more than **40 pages**. In the meantime, we'll **STRIKE** the Proposed SAC [ECF No. 75]. And we'll (preemptively) remind the Defendants to comply with the requirements of our Multiple Defendants Order [ECF No. 70].

**DONE AND ORDERED** in the Southern District of Florida on October 7, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record